### ANDY HARRIS *v.* THE STATE.

CRIMINAL LAW. *Indictment. Clerical mistake.* A clerical mistake in the date of the passage of a statute in the recitals of an indictment for a misdemeanor is no ground for the arrest of judgment after conviction, the offense being otherwise sufficiently described, and the recital of the act unnecessary.

#### FROM SMITH.

Appeal in error from the Circuit Court of Smith county. N. W. McCONNELL, J.

B. F. C. SMITH for Harris.

ATTORNEY-GENERAL LEA for the State.

COOPER, J., delivered the opinion of the court.

The indictment under which the plaintiff in error was convicted avers that he did unlawfully sell spirituous and alcoholic liquors without first appearing before the clerk of the county court of the county in

which such liquors were proposed to be sold, and taking and subscribing an oath not to adulterate or suffer to be adulterated any liquors sold or offered to be sold by him, and without giving bond in the sum of five hundred dollars, with good and sufficient security, for the payment of all costs arising from prosecutions for violations of the provisions of the act of the General Assembly, ch. 81, secs. 1, 2, 3 and 4, passed March 16, 1850, contrary to the form of the statute in such cases made and provided, etc.

The act of 1850, ch. 81, was not passed on the 16th of March, and is, moreover, a private act. It is the act of 1860, ch. 81, which, by its first three sections, makes the adulteration of spirituous and vinous liquors by poisonous ingredients, or the selling thereof, a felony, and by sec. 4 makes it unlawful to sell, or offer to sell, any spirituous or alcoholic liquors until oath has been taken and bond given as set out in the indictment.

By sec. 10 the violation of the provisions of sec. 4 is made a misdemeanor, punishable by a prescribed fine. The plaintiff in error moved in the court below that the judgment be arrested, which motion was overruled. The error now relied on is, that the State is bound by the recitals of the act in the indictment, and there being no such act that no offense is charged, and the judgment should have been arrested.

The indictment is for selling liquor without taking the oath and giving the bond specified. The charge would constitute a misdemeanor under the act of 1860, and no offense at all under the act of 1850, or any

other act.   By the Code, sec. 5118, "neither presump-
tions of law, nor matters of which judicial notice is
taken, need be stated in the indictment."   The court
takes judicial notice of all general laws, and therefore
the indictment before us would have been sufficient if
it had charged that the defendant sold spirituous li-
quors without first having taken the oath and given
the bond prescribed, contrary to the form of the stat-
ute in such cases made and provided.   And it is not
easy to see how a recital of the substance of the stat-
ute in relation to the bond can change the result,
even if there be a mistake as to the date of the
statute.

The argument, pressed with earnestness and ability,
is, that although unnecessary, the recitals of the sub-
stance and date of the act become material by being
embodied in the indictment, and must be established
by the proof.

The general rule has been in felony cases, that if
the facts constituting the offense are set out in the
indictment with more particularity than necessary, they
must be proven.   The test of this rule, as stated by
this court, is whether a conviction or acquital could be
relied on as a good plea to another indictment, omit-
ting the unnecessary averments.   And the court add,
"All variances not inconsistent with the validity of
both proceedings may be shown to be merely techni-
cal."   *Hite* v. *State,* 9 Yer., 358, 378.   Accordingly,
when an indictment for selling liquor on Sunday
stated the date of the offense on a day of the month
which was not Sunday, the averment was treated as

Harris *v.* State.

surplusage. *State* v. *Eskridge,* 1 Swan, 413. No
doubt everything which goes to constitute the offense
charged, even if it purport to be the words of a stat-
ute, must be sustained, for otherwise the defendant
might be charged with one offense and convicted of
another. But when the offense is correctly set forth
according to the statute, and the statute itself other-
wise identified, a variance between the date of the act
as charged and its real date, may well be considered
as technical. A conviction or acquital would cer-
tainly be conclusive in defense of any other indictment
for the same offense. By the Code, sec. 5117, only
such degree of certainty is required in an indictment
as will enable the court to pronounce judgment upon
a conviction according to the right of the case. Less
strictness, it has always been held in this State, is
required in indictments for misdemeanors than for fel-
onies. A mere clerical error in the date of a stat-
ute, where it is obvious the defendant could not be
prejudiced thereby ought not to vitiate an indictment
for a misdemeanor.

It might be different if the statute referred to in
the indictment did in fact create a substantive offense,
for in that case there would be an offense charged,
although not the one intended. But when the act
mentioned creates no offense whatever, there is not
the least danger of prejudicing the defendant by treat-
ing the error as technical and clerical.

Affirm the judgment.